947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Larry Kenneth LABADIE, Defendant-Appellant.
 No. 90-30179.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1991.
Decided Oct. 31, 1991.
 
 Before CHOY, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Larry Kenneth Labadie appeals his conviction by jury trial for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. Labadie contends that his conviction must be reversed because the jury convicted him of a crime different from that charged in the indictment. Labadie also contends that the district court's jury instructions were inadequate and that the evidence was insufficient to sustain his conviction.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 Variance
 
 3
 Generally, an appellant cannot raise a new issue for the first time in his or her reply brief. Erberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990). "We could ... 'consider the issue [if] the appellee has not been misled and the issue has been fully explored.' " Id. (citation omitted).
 
 
 4
 Here, Labadie did not raise this issue in his opening brief and neither party below addressed the alleged variance between the language in the general verdict and the superseding information. Therefore, the issue was not fully explored in the record. See id. Because the government did not have an opportunity to brief the issue on appeal, it would be unfair to the government for this panel to consider Labadie's contention. See Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990), cert. denied, 111 S.Ct. 1105 (1991). Accordingly, we deem the issue waived. See Erberle, 901 F.2d at 818.
 
 Jury Instructions
 
 5
 "When the defendant fails to object to the jury instructions at trial, the court reviews the instructions under a plain error standard." United States v. Ward, 914 F.2d 1340, 1344 (9th Cir.1990). "A plain error is a highly prejudicial error affecting substantial rights." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986) (citation omitted). There must be a high probability that the error materially affected the verdict. United States v. Kessi, 868 F.2d 1097, 1103 (9th Cir.1989). Here, Labadie failed to object to the jury instructions on conspiracy at trial. Thus, we review the instruction only for plain error. See Ward, 914 F.2d at 1344.
 
 
 6
 "It is well-established that a criminal defendant is entitled to have a jury instruction on any legal defense to the charge against him which has some foundation in the evidence." United States v. Chen, 933 F.2d 793, 796 (9th Cir.1991). "A failure to give such instruction is reversible error; but it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). "So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985) (citation omitted); see United States v. Torres-Rodriguez, 930 F.2d 1375, 1388 (9th Cir.1991). "The availability of a better instruction is not a ground for reversal." Ward, 914 F.2d at 1344.
 
 
 7
 Here, Labadie's defense was that he was not a knowing and willful participant in the conspiracy. He requested several instructions requiring the jury to find willful conduct in disregard of the law. The district court did not adopt Labadie's suggestions and instead gave instructions requiring the jury to find that Labadie knowingly and intentionally participated in the conspiracy to fulfill its objective. The instruction explicitly stated that, "one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator." ER 59.
 
 
 8
 Labadie claims the district court erred by failing to instruct the jury on all the essential elements to convict for conspiracy. Nevertheless, reviewing the jury instructions as a whole, it appears that the district court adequately warned the jury that it was required to find that Labadie intentionally joined the conspiracy to distribute methamphetamine. See Torres-Rodriguez, 930 F.2d at 1388. The instructions warned the jury that it could not convict Labadie based on acts he committed innocently and without knowledge of the underlying illegal activity. See Ward, 914 F.2d at 1346.[2] We find no plain error. See Torres-Rodriguez, 930 F.2d at 1388.
 
 Sufficiency of Evidence
 
 9
 The district court shall order the entry of judgment of acquittal "if the evidence is insufficient to sustain a conviction." Fed.R.Crim.P. 29(a). Sufficient evidence to support a conviction exists if "a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.) (citation omitted), cert. denied, 110 S.Ct. 179 (1989); Jackson v. Virginia, 443 U.S. 307, 319 (1979). When reviewing the sufficiency of the evidence:
 
 
 10
 "[this court] must respect the exclusive province of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict."
 
 
 11
 United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (citation omitted).
 
 
 12
 "To prove a conspiracy, the government must show 1) an agreement 2) to engage in criminal activity and 3) one or more overt acts in furtherance of the conspiracy. 'The prosecution need not show the agreement to have been explicit. An implicit agreement may be inferred from the facts and circumstances of the case.' " Hernandez, 876 F.2d at 777 (quoting United States v. Monroe, 552 F.2d 860, 862 (9th Cir.), cert. denied, 431 U.S. 972 (1977)). A defendant's knowledge of criminal activity can be inferred from the defendant's actions and other circumstantial evidence in the case as a whole. United States v. Sanchez-Murillo, 608 F.2d 1314, 1318 (9th Cir.1979). "While mere proximity to the scene of illicit activity is, without more, insufficient to infer a nexus to a conspiracy, a defendant's presence may nevertheless be probative of that nexus when viewed in the context of other evidence." United States v. Reese, 775 F.2d 1066, 1071-72 (9th Cir.1985).
 
 
 13
 Here, Marie Veltri, a cooperating witness for the government, testified that Jerry Bates and Labadie were involved in manufacturing and distributing methamphetamine. She stated that Bates was responsible for "cooking" or manufacturing the methamphetamine, and Labadie was responsible for selling. Her testimony was supported by the taped conversations between her, Bates and Labadie. In one such conversation, Labadie told Veltri that the drug scheme operated "like a domino effect." Veltri understood this to mean that Labadie's part in the distribution chain was dependent on Bates' performance.
 
 
 14
 Federal Express boxes containing chemicals for manufacturing methamphetamine were addressed and billed to Labadie. The Federal Express employee testified that he called the telephone number provided on the air bill, asked for Labadie and spoke with a person claiming to be Labadie. Labadie and Bates appeared at the Federal Express office and retrieved the packages. Later, Labadie and Bates were arrested together in Labadie's car, where officers discovered a hydrogenerator. Labadie's and Bates' coordinated actions of picking up the chemicals and possessing a hydrogenerator are strong circumstantial evidence of a conspiracy. See Hernandez, 876 F.2d at 778.
 
 
 15
 Labadie seeks to support his contention that he was not a part of a conspiracy by focusing on Veltri's statements that Bates was considering terminating his association with Labadie and that Labadie was intentionally excluded from certain conversations pertaining to the manufacturing process. Nevertheless, no evidence showed that Bates and Labadie actually parted company, rather the evidence tended to show that the two continued to spend time together and commit acts in furtherance of the conspiracy. Moreover, although Labadie may have been excluded from some details of the conspiracy, the government was not required to prove that Labadie had knowledge of the exact scope of the conspiracy. See United States v. Thomas, 586 F.2d 123, 132 (9th Cir.1978).[3]
 
 
 16
 Viewing the evidence in the light most favorable to the government, a rational jury could infer that Labadie conspired to distribute methamphetamine. See Hernandez, 876 F.2d at 778.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Labadie also contends that his conviction should be reversed because of a "fatal variance" between the superseding indictment and the general verdict. Nevertheless, Labadie waived his right to raise this issue because he did not address it in his opening brief and it was not explored in the record. See Erberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990)
 
 
 [2]
 Furthermore, in Labadie's proposed jury instructions, the materials on which he relies defines "willful" conduct as acting "voluntarily and intentionally." ER 50
 
 
 [3]
 In any event, Veltri testified that Labadie was responsible only for selling and distributing the methamphetamine. Therefore, it is not entirely unreasonable that he would not be privy to the details of the manufacturing process