REVERSED and REMANDED for further proceedings in accordance with this opinion.

**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Claret ECHEVERRY,**
**Defendant/Appellant.**

No. 84–3066.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1985.

Decided May 10, 1985.

As Amended June 5, 1985.

---

David D. Marshall, Bill Redkey, Asst. U.S. Attys., Seattle, Wash., for plaintiff/appellee.

Daniel H. Smith, Seattle, Wash., for defendant/appellant.

Before CHOY, ANDERSON and TANG, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Claret Echeverry appeals his conviction of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; aiding and abetting, in violation of 21 U.S.C. § 841; and use of a communication facility to distribute cocaine, in violation of 21 U.S.C. § 843. We affirm.

## I. BACKGROUND

Appellant Echeverry was indicted, tried, and convicted on charges stemming from a Drug Enforcement Agency (DEA) undercover operation which began in May, 1980. That conviction was reversed on appeal. *United States v. Echeverry*, 698 F.2d 375 (9th Cir.1983).

Echeverry was subsequently reindicted on new charges stemming from the original DEA investigation. The jury trial which followed resulted in the conviction challenged in the instant appeal.

The evidence presented at trial clearly established that Echeverry was present at the events charged in the indictment: the negotiations between DEA Special Agent James White, Paul (Efran) Isaza, and Pablo Ramirez in December, 1980, and Agent White's purchase of cocaine from Tito Marmolejo-Schuartz in June, 1981. Echeverry's defense was that his participation in the transactions: (a) was insufficient to make him a conspirator; (b) resulted from government inducement rather than his own predisposition; and (c) that he was particularly susceptible to inducement due to the effects of prescription medication, severe medical and emotional trauma, and financial distress.

## II. DISCUSSION

Appellant raises three issues on appeal. He argues that the district court's jury instruction regarding the effect of prescription medication unconstitutionally shifted the burden of proof. Echeverry also contends that the trial court erred in failing to strike the testimony of DEA Agent James White for the government's violation of the Jencks Act. Finally, he challenges the district court's admission of certain out-of-court statements of alleged coconspirators, alleging a violation of his Sixth Amendment right to confront the witnesses against him.

### A. *THE INTOXICATION INSTRUCTION*

We follow the rule that, in a prosecution for a specific intent crime, intoxication (although voluntary) that precludes formation of the requisite intent may be established as a defense. *United States v. Hartfield*, 513 F.2d 254, 259 (9th Cir.1975). Where, as here, an accused has offered evidence to raise the issue, his capacity to form specific intent at the time of the offense becomes an element which, like all other elements of the crime, must be proved by the government beyond a reasonable doubt.

At trial, appellant Echeverry raised the defense of intoxication. He offered substantial evidence concerning the numerous drugs which he had been prescribed to support this defense. The jury instruction regarding intoxication was as follows:

Defendant contends that he was taking drugs which deprived him of the mental capability of forming and having the specific intent to commit the crimes with which he is charged.

Being under the influence of a drug, even one taken for medical purposes, provides a legal excuse for the commission of a crime only if the effect of the drug makes it impossible for the accused person to have the specific intent to commit the crime with which he is charged.

Evidence that defendant acted while under the influence of a drug or drugs

may be considered by you together with all the other evidence in determining whether or not he did in fact have the specific intent to commit each crime with which he is charged.

If, after considering all the evidence, you have a reasonable doubt as to whether, because of the influence of a drug or drugs, defendant Echeverry had the specific intent to commit a particular crime with which he is charged, then you must acquit him of that crime.

Echeverry argues that this instruction sets forth an erroneous legal standard and impermissibly shifts the burden of proof. We disagree.

■ A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence. *United States v. Winn,* 577 F.2d 86, 90 (9th Cir.1978). So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion. *United States v. Abushi,* 682 F.2d 1289, 1299 (9th Cir.1982).

■ In deciding the adequacy of the trial court's instructions, we consider the instructions as a whole. *United States v. Smith,* 735 F.2d 1196, 1198 (9th Cir.1984); *accord United States v. Tille,* 729 F.2d 615, 623 (9th Cir.1984). It is apparent from our review that the court's initial instructions properly indicated the government's burden of proving the defendant guilty beyond a reasonable doubt as to each element of the offense, including specific intent. *In re Winship,* 397 U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). Thus, the focus of our inquiry turns to the language of Instruction Number 18, the intoxication instruction.

■ The defendant in a criminal matter has an obligation to raise defenses in his own behalf. *United States v. Hart-*

*field,* 513 F.2d at 254. Use of the phrase "defendant contends" aptly describes the manner in which the defendant raises those defenses. While we agree that there might be a better way to phrase it, we do not find this choice of language to be an abuse of discretion. Additionally, because the law places on a defendant the burden of producing "slight" evidence of drug intoxication before an instruction on the defense may be given, we find that the first sentence of Instruction 18 comports with the law without shifting the burden of proof.

■ We also affirm the district court's choice of language concerning intoxication as a legal excuse. The second paragraph adequately explains the proposition that proof of intoxication, in and of itself, does not excuse commission of a specific intent crime. *See, e.g., United States v. Winn,* 577 F.2d at 90. The challenged phrase, "makes it impossible ...," is another way of stating Echeverry's theory of the case: that is, the effect of his medication rendered him unable to form specific intent. The paragraph is a correct abstract statement of the law which the jury is free to apply depending upon the facts found and does not alter the government's burden of proof.

■ Reading the intoxication instruction as a whole, we find no impermissible shift of the burden of proof. The final paragraph of the instruction makes it clear that the burden of proving the requisite intent rests with the government. The language of that paragraph requires the jury to be certain, beyond a reasonable doubt, that Echeverry possessed the requisite specific intent to commit the crime before entering a conviction.[1] This direction is in accord with prior instructions in the case.

---

1. We do not agree with appellant that *Connecticut v. Johnson,* 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), requires reversal in this case. In *Connecticut,* the Court was considering an instruction which stated a conclusive and erroneous presumption. No such problem exists with reference to the instruction we are considering in this appeal.

## B. JENCKS ACT MATERIALS

The Jencks Act provides, in relevant part:

After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the defendant has testified.

18 U.S.C. § 3500(b).

In the case at bar, a Jencks Act violation is alleged in the government's failure to produce a transcript of DEA Agent White's testimony before the second grand jury. The trial court, although apparently agreeing that the Jencks Act had been violated, refused to impose the requested sanctions.

■■■ A trial court has the discretion to refuse to impose sanctions for noncompliance with the Jencks Act. *United States v. Finnegan*, 568 F.2d 637, 642 (9th Cir.1977). *Accord United States v. Parker*, 549 F.2d 1217, 1224 (9th Cir.), *cert. denied*, 430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977); *United States v. Polizzi*, 500 F.2d 856, 893 (9th Cir.1974), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975). The decision to strike a witness's testimony for Jencks Act noncompliance will generally depend on (1) a consideration of the culpability of the government, and (2) the injury resulting to the defendants. *United States v. Sterling*, 742 F.2d 521, 524 (9th Cir.1984) (no abuse of discretion to decline imposition of sanction where other available materials enabled a vigorous cross-examination).

Following our reversal of his prior conviction, Echeverry was reindicted by a second grand jury. At this hearing, Agent White was permitted to read into evidence a transcript of his original grand jury testimony, a transcript disclosed prior to trial. It is the government's nondisclosure of a transcript of Agent White's testimony at the *second* inquest which is at issue here.

■■■ Short of innuendo concerning the fact that Agent White reread his original testimony for the second grand jury, no concrete injury is alleged. *United States v. Well*, 572 F.2d 1383, 1384 (9th Cir.1978) (defense need not show prejudice). Our review of the record reveals that the government's failure to disclose the second transcript was inadvertent and not in bad faith. We note that the government did endeavor to comply with the requirements of 18 U.S.C. § 3500; other Jencks Act materials were produced prior to trial. More importantly, the transcript at issue is generally duplicative of information previously disclosed to defense counsel. Echeverry's counsel was, therefore, not deterred from a thorough cross-examination of Agent White. Although we cannot condone the government's violation of the Act by failing to disclose the second transcript, we do not find the trial court's denial of Echeverry's motion for new trial to be an abuse of discretion.

## C. HEARSAY STATEMENTS

Appellant Echeverry contends that the district court erred in allowing Agent White to testify regarding out-of-court statements by Ramirez and Isaza. Echeverry argues admission of the statements is reversible under the hearsay rules and the confrontation clause.[2] We reject both arguments.

### 1. The Ramirez Statements

■■■ Agent White testified that Ramirez had been targeted as a drug dealer by prior intelligence (II RT 4). He was also permitted to testify that Ramirez had made the following statements: Ramirez had spent several months attempting to develop drug connections in South America (II RT 5); Ramirez knew someone with forty pounds of cocaine (II RT 6); and Ramirez had

---

**2.** While we could probably properly apply the law of the case with respect to the existence of the conspiracy and the hearsay confrontation issue, *see United States v. Echeverry*, 698 F.2d 375, 376 (9th Cir.1983) (per curiam), we elect to discuss and rule upon the issue presented.

arranged a meeting with his source (II RT 9).

In the instant matter, the Ramirez' declarations were not offered for the truth of the matter asserted but as necessary background information under Rule 801(c), Fed. R.Evid. (II RT 5, 7). They are, therefore, not hearsay and were properly admitted because their probative value is independent of their veracity. *United States v. Gibson*, 690 F.2d 697, 700–02 (9th Cir.1982), *cert. denied*, 460 U.S. 1046, 103 S.Ct. 1446, 75 L.Ed.2d 801 (1983).

■ Even if we were to assume that the trial court erred in admitting the Ramirez declarations, we would find that error harmless beyond a reasonable doubt.[3] Agent White had knowledge that Ramirez was targeted by the DEA. Additionally, the Ramirez declarations carried several indicia of trustworthiness: Ramirez was recounting facts about which he had personal knowledge, there was little reason to exaggerate, he did not directly implicate Echeverry, and Ramirez' statements were against his own penal interest. See, *e.g.*, *United States v. Fleishman*, 684 F.2d 1329, 1339 (9th Cir.), *cert. denied*, 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982).

■ Nor does Rule 403, Fed.R.Evid., provide a basis for reversal. Although the district court did not clearly articulate the balancing test called for by Rule 403, we are satisfied that the district court did not abuse its discretion by admitting the Ramirez declarations. *United States v. O'Connor*, 737 F.2d 814, 819 (9th Cir.1984); *accord United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir.1982), *cert. denied*, 463 U.S. 1210, 103 S.Ct. 3543, 77 L.Ed.2d 1392 (1983).

■ The record reveals the denial of defense counsel's request for a limiting or cautionary instruction regarding admission of the Ramirez declarations. (II RT 7). Although we agree that the trial court erred in failing to caution the jury, we find

on the facts of this case that admission of this evidence was, more probably than not, harmless. Fed.R.Crim.P. 52(b). *United States v. Castillo*, 615 F.2d 878, 883 (9th Cir.1980).

### 2. *The Isaza Statements*

Agent White testified that Paul Isaza had stated he could easily supply ten or more pounds of 90% cocaine (II RT 11) and that he and others had recently completed a three kilogram transaction (II RT 12). These statements were admitted into evidence over defense counsel's continuing objection on hearsay grounds.

· ■ The trial court admitted the Isaza statements into evidence under Fed.R.Evid. 801(d)(2)(E). The rule provides for admissibility where a statement is made by a coconspirator during the course of or in furtherance of a conspiracy. Fed.R.Evid. 801(d)(2)(E). *United States v. Ordonez*, 722 F.2d 530, 534 (9th Cir.1983). The finding that statements were in furtherance of a conspiracy will not be disturbed unless the trial judge could not reasonably have come to that conclusion. *United States v. Tille*, 729 F.2d 615, 621 (9th Cir.1984).

■ The trial court's finding that the Isaza statements furthered the conspiracy was reasonable; therefore, admission of the statements did not violate Rule 801(d)(2)(E). The first statement assured Agent White of Isaza's access to the necessary quantity of cocaine. The second seeks to induce Agent White's participation in the transaction by assuring him of Isaza's ability to consummate the transaction.

■ Satisfaction of the requirements for admission as a coconspirator's statement does not, however, eliminate confrontation clause questions. *United States v. Tille*, 729 F.2d at 621. A two-part analysis is applied to confrontation issues, testing necessity and reliability. *Ohio v. Rob-*

---

**3.** We apply the standard of harmless beyond a reasonable doubt because of Echeverry's sixth amendment argument. *See Chapman v. California*, 386 U.S. 18, 22–24, 87 S.Ct. 824, 827–828, 17 L.Ed.2d 705 (1967); *Fendler v. Goldsmith*, 728

F.2d 1181, 1190 (9th Cir.1983). In so electing to apply the constitutional standard of harmless error, we do not concede the validity of this argument.

*erts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980); *United States v. Fleishman,* 684 F.2d at 1330–31. The necessity requirement is satisfied by showing the declarant was unavailable. *United States v. McKinney,* 707 F.2d 381, 383 (9th Cir.1983). To determine reliability, we examine four factors: (1) whether the declaration contained assertions of past fact; (2) whether the declarant had personal knowledge of the identity and role of the participants in the crime; (3) whether the declarant may have been relying upon faulty recollection; and (4) whether the circumstances under which the statements were made provided reason to believe that declarant misrepresented the defendant's involvement in the crime. *Fleishman,* 684 F.2d at 1339. Thus, hearsay which falls within the coconspirator exception and satisfies other indicia of reliability is considered reliable for confrontation clause purposes.

■ It is a close question as to whether admission of the Isaza statements violated the confrontation clause. Although the necessity requirement was met by a showing that Isaza was a fugitive from justice, his statements may have lacked sufficient trustworthiness because he was recounting facts about which he had reason to exaggerate. Even assuming error in admission, we do not view the error as significant. In light of the other evidence of guilt, including the tape recordings and Echeverry's own corroborating testimony, the error, if any, was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. at 22–24, 87 S.Ct. at 827–828; *Fendler v. Goldsmith,* 728 F.2d at 1190.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.