955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph M. ELLIOTT, Defendant-Appellant.
 No. 90-50347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 18, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph M. Elliott appeals his convictions by jury trial for conspiracy, possession and manufacturing marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. Elliott contends that the district court erred by failing to give proper jury instructions. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Conspiracy
 
 A. Standard of Review
 
 4
 We review whether a jury instruction was an accurate statement of the law de novo. United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990).
 
 B. Analysis
 
 5
 "It is well-established that a criminal defendant is entitled to have a jury instruction on any legal defense to the charge against him which has some foundation in the evidence." United States v. Chen, 933 F.2d 793, 796 (9th Cir.1991). "A failure to give such instruction is reversible error; but it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). "So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985) (citation omitted); see United States v. Torres-Rodriguez, 930 F.2d 1375, 1388 (9th Cir.1991). "The availability of a better instruction is not a ground for reversal." United States v. Ward, 914 F.2d 1340, 1344 (9th Cir.1990).
 
 
 6
 Here, Elliott's defense was that he did not agree to manufacture and possess marijuana with his codefendant, Albert James McCormick. Elliott's proposed instruction on conspiracy required the jury to conclude beyond a reasonable doubt the "existence of an agreement between Mr. Elliott and other persons." The district court rejected Elliott's proposed instruction and gave the conspiracy instruction suggested by Devitt & Blackmar.[1]
 
 
 7
 Considering the jury instructions as a whole, the district court adequately warned the jury that it was required to find an agreement between Elliott and other persons in order to convict him for conspiracy. See Torres-Rodriguez, 930 F.2d at 1388.[2] Therefore, the district court's jury instruction adequately covered Elliott's defense theory. See Chen, 933 F.2d at 796.
 
 II
 Possession and Manufacturing
 A. Standard of Review
 
 8
 Elliott also challenges the district court's jury instruction on the possession and manufacturing charges. Generally, an issue not presented to the trial court cannot be raised for the first time on appeal. United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). Nevertheless, "[w]hen the defendant fails to object to the jury instructions at trial, the court reviews the instructions under a plain error standard." Ward, 914 F.2d at 1344. "A plain error is a highly prejudicial error affecting substantial rights." United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986) (citation omitted). There must be a high probability that the error materially affected the verdict. United States v. Kessi, 868 F.2d 1097, 1103 (9th Cir.1989).
 
 
 9
 Here, Elliott failed to object to the jury instruction on the possession and manufacturing counts. Thus, we review the instruction only for plain error. See Ward, 914 F.2d at 1344.
 
 B. Analysis
 
 10
 It is unlawful for any person knowingly or intentionally to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). In order to convict under section 841(a)(1), the government must prove the defendant acted knowingly or intentionally and that the substance was a controlled substance. See United States v. Klein, 860 F.2d 1489, 1494-1495 (9th Cir.1988).
 
 
 11
 Here, the district court instructed the jury that it was required to find that Elliott knowingly or intentionally possessed and manufactured marijuana with the intent to distribute. Elliott contends that the district court's instructions were flawed because they did not require the government to prove the specific quantity of marijuana manufactured and possessed. He argues that such an omission "amended the indictment and deprived defendant of his right to be tried upon the charges set forth in that indictment." Nevertheless, the amount of controlled substance involved is not a factor in determining whether Elliott committed the substantive offense under section 841(a)(1). See Klein, 860 F.2d at 1495.
 
 
 12
 Therefore, the district court properly instructed the jury on the possession and manufacturing charges. There was no plain error. See Torres-Rodriguez, 930 F.2d at 1388.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's conspiracy instruction provided, in pertinent part:
 A conspiracy is a combination of two or more persons to accomplish some unlawful purpose by unlawful means. So a conspiracy is a kind of partnership for criminal purposes in which each member becomes the agent of every other member. The gist of the offense is the combination or the agreement to disobey or to disregard the law.
 Devitt & Blackmar, Federal Jury Practice and Instructions, § 27.04 (3d ed. 1977).
 
 
 [2]
 On appeal, Elliott argues that the district court's instructions failed to warn the jury that "other persons" did not include government agents. We fail to see the relevance of Elliott's argument because the conspiracy in question did not include any government agents