967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff/Appellee,
v.
Lordes VALENZUELA, Defendant/Appellant.
 No. 91-10391.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1992.*
Decided June 15, 1992.
 
 Before JAMES R. BROWNING, ALDISERT** and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The appellant, Lordes Valenzuela, appeals his conviction of abusive sexual contact, aggravated sexual abuse and assault by striking, beating or wounding. He argues on appeal (1) that the district court abused its discretion in barring testimony regarding a previous sexual molestation of the victim, (2) that the court erred in failing to give a jury instruction on consent and (3) that the evidence did not support his conviction for aggravated sexual abuse. We reject each of these contentions and affirm the judgment of the district court.
 
 
 3
 First, we conclude that the district court properly excluded the evidence of the victim's prior sexual molestation under Fed.R.Evid. 412, which limits the admission of evidence regarding the victim's past sexual behavior, or, alternatively, under Rule 403, which allows a court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or by consideration of undue delay. Even if the court did err, however, the error was harmless in light of the overwhelming evidence against Valenzuela. See United States v. Vargas, 933 F.2d 701, 704 (9th Cir.1991).
 
 
 4
 Second, we hold that the district court did not err by giving the standard instruction on sexual assault which does not state that the act must be nonconsensual. Assuming that the raising of the issue at trial was sufficient to preserve it on appeal, we conclude that the district court's instructions fairly and adequately covered the issues presented at trial. See United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985). The jury could not have found that the government had proved the elements of the crime, as set forth in the jury instructions, unless it also found that the victim did not consent to the sexual acts.
 
 
 5
 Finally, we hold that the evidence, when viewed in the light most favorable to the government, was sufficient for a rational jury to find Valenzuela guilty of each of the essential elements of the crime of aggravated sexual abuse. See United States v. Pemberton, 853 F.2d 730, 733 (9th Cir.1988).
 
 
 6
 We have considered all of Valenzuela's contentions. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3