977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Andy MUNOZ, Defendant-Appellant.
 No. 90-50653.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank A. Munoz appeals his conviction, following a jury trial, for four counts of bank robbery, in violation of 18 U.S.C. § 2113(a)(d). Counsel for Munoz filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identifies three possible issues for review: (1) whether the district court erred by denying Munoz' request to continue the trial because counsel was trying another case the same week as Munoz' trial was scheduled to begin; (2) whether the district court erred by requiring Munoz to show his neck tattoo and to wear a jacket worn by the bank robber, and (3) whether a jury instruction on eye-witness identification was required. We have jurisdiction under 28 U.S.C. § 1291 and affirm Munoz' conviction, and we grant counsel's request to withdraw.
 
 A. Denial of Continuance
 
 3
 "We review a district court's decision denying a requested continuance for an abuse of discretion." United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989). "We do not find a clear abuse of discretion unless, ... we conclude that the denial was arbitrary or unreasonable." United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), modified on other grounds, 764 F.2d 675 (9th Cir.1985). The defendant must demonstrate actual prejudice as a result of the denial. Shirley, 884 F.2d at 1134.
 
 
 4
 Here, Munoz' counsel requested the district court to reset the trial date because he was trying another case on the same week. The district court denied the request because Munoz' case was not complex and counsel stated that he was ready to proceed. Munoz did not demonstrate any actual prejudice as a result of the denial. See Shirley, 884 F.2d at 1135. Therefore, we find no abuse of discretion in the district court's denial of Munoz' request for a continuance. See id.[1]
 
 B. Tattoo and Jacket
 
 5
 The district court's decision to compel a defendant to try on clothes in front of a jury is reviewed for an abuse of discretion. United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). "Further, a defendant may be required to try on articles of clothing during trial if the prejudicial effect does not outweigh the probative value." Id.
 
 
 6
 Munoz argues that by requiring him to reveal his neck tattoo and to wear a jacket worn by the bank robber, he was unduly prejudiced. Nevertheless, it was relevant for identification purposes to compel Munoz to reveal his neck tattoo and to try on the jacket to see how it fit. See id.; see also United States v. Bay, 762 F.2d 1314, 1315-16 (9th Cir.1984) (court may compel defendant to show physical characteristics to jury). Any prejudicial effect did not outweigh the probative value of such actions. See Walitwarangkul, 808 F.2d at 1353.
 
 C. Jury Instruction
 
 7
 "It is well established that a criminal defendant is entitled to have a jury instruction on any legal defense to the charge against him which has some foundation in the evidence." United States v. Chen, 933 F.2d 793, 796 (9th Cir.1991). "A failure to give such instruction is reversible error; but it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). "So long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion." United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985) (citation omitted).
 
 
 8
 Here, Munoz requested the district court to give an eye-witness identification instruction. The district court refused stating that in light of the state of the evidence in the case, the general instruction on the credibility of witnesses allowed Munoz to challenge the eye-witness testimony.[2] Viewing the instructions as a whole, Munoz was able to argue the question of eye-witness identification before the jury, and the district court did not err by refusing to give a separate instruction. See Chen, 933 F.2d at 796.
 
 
 9
 AFFIRMED and MOTION TO WITHDRAW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Munoz also requested a continuance so that he could investigate a possible alibi and locate witnesses. Nevertheless, when a continuance is requested to obtain witnesses and evidence, the proponent must articulate the names of the witnesses and the relevance of the anticipated testimony. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1051 (9th Cir.1990). Munoz did not do this and therefore, the district court did not err by denying Munoz' request. See id. at 1052
 
 
 [2]
 The district court extracted its instruction from the Ninth Circuit Model Jury Instructions. The instruction concerning credibility of witnesses includes a number of factors the jurors may consider when deciding the credibility of a witness, one being the witness' ability to see or hear or know the things he or she testified to