983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark S. ELKSHOULDER, Defendant-Appellant.
 No. 92-30068.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Elkshoulder appeals his conviction following a jury trial for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153 and 2241(c). Elkshoulder claims the district court erred by admitting drawings depicting the crime made before trial by the seven-year-old victim at the behest of the victim/witness coordinator. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for abuse of discretion a district court's ruling to admit evidence over a hearsay objection. United States v. Kirk, 844 F.2d 660, 663 (9th Cir.), cert. denied, 488 U.S. 890 (1988). An erroneous ruling will not compel reversal if the error was harmless beyond a reasonable doubt. United States v. Payne, 944 F.2d 1458, 1472 (9th Cir.1991) (citing United States v. Echeverry, 759 F.2d 1451, 1457 (9th Cir.1985)). "We let jurors see and hear even marginally relevant evidence because we trust them to weigh the evidence appropriately. Nonetheless, when the probative value of the evidence is 'substantially outweighed by the danger of unfair prejudice ... or misleading the jury,' Fed.R.Evid. 403, the evidence must be kept out." United States v. Hitt, No. 92-30032, slip op. 13931, 13935 (9th Cir. Dec. 2, 1992) (admission held improper where evidence was highly prejudicial, misleading and not probative). Rule 403 bars evidence that provokes " 'an emotional response in the jury or otherwise tends to affect adversely on the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.' " United States v. Ramirez-Jimenez, 967 F.2d 1321, 1327 (1992) (quoting United States v. Bailleux, 685 F.2d 1105, 1111 (9th Cir.1982)).
 
 
 4
 At trial, the victim, Therese Spear, who was six at the time of the crime, confirmed with nods and "yes" 's the prosecutor's statements that someone had hurt her in her mother's bedroom one day during the previous school year. She would not describe the crime or the perpetrator, but confirmed that she knew him and had named him to her mother. She also identified pictures she had drawn of the crime and confirmed that she had written the perpetrator's name on them (RT I at 43-55).
 
 
 5
 Therese's mother, Faith Davis, testified that she had left her nephew, the defendant, with her children on the day of the crime. When she returned late in the evening, she heard her daughter screaming in her sleep. On her way to Therese's bedroom, she noticed blood on the bathroom floor. She asked Elkshoulder what had happened. He said some children had probably hit Therese, and he tried to distract Davis from entering the bedroom. When Davis woke Therese, the girl started crying and said she was scared. Davis took her into the bathroom and noticed there was blood on her underwear. When Davis asked what had happened, Therese told her "Markie" had hurt her in her mother's bedroom, and then given her a bath (RT I at 66-77).
 
 
 6
 Doctor Bischoff, who examined Therese a short time later, read the following quotations from his notes at trial: "Markie made me lay on mom's bed and he pulled my pants down. [H]e forced me to lay there and he laid on top of me. He hurt me in my private places. He hurt me with his penis" (RT II at 143). Therese was sent to a nearby hospital for surgical treatment of a severe laceration between her vagina and anus, an injury Dr. Bischoff diagnosed as caused by rape. Later, Therese's bloodstained underwear were found in the trash.
 
 
 7
 FBI Agent Andy Villanueva testified that Therese's blood was found on a green blanket taken from Faith Spear's bed, and similar green fibers were found on Therese's hair and panties as well as Elkshoulder's sweat pants and socks (RT II at 184-88).
 
 
 8
 Over appellant's objection, the district court also admitted into evidence the drawings Therese identified on the stand as her own depictions of the crime. Appellant claims these drawings were inadmissible hearsay and more prejudicial than probative. We disagree.
 
 
 9
 While the drawings likely tainted Elkshoulder's character in the minds of the jury, it is unlikely they awakened an irrational or emotional desire to punish him based on his character alone. See Hitt, No. 92-30032, slip op. at 13936. As the work of the sole eyewitness to the crime, they were probative of the perpetrator's identity and thus bore directly on Elkshoulder's guilt or innocence of the crime charged. See id.; Ramirez-Jimenez, 967 F.2d at 1327.
 
 
 10
 We affirm the conviction without considering the hearsay question because we conclude that, after the testimony and the forensic evidence, any error in admitting the drawings was harmless beyond a reasonable doubt. See Payne, 944 F.2d at 1472. As appellant concedes, "[t]he probative value of the statements and the drawings was duplicated and cumulatively so by various other testimony at trial" (Appellant's Reply Brief at 2).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3