988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Alan GARRETT, Defendant-Appellant.
 No. 92-50119.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1993.*
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Southern District of California, CR-91-163-01-HBT; Howard B. Turrentine, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before WALLACE, Chief Judge, and SNEED and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 MEMORANDUM
 
 1
 Garrett appeals from his conviction, following a jury trial, for armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d). The district court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Garrett first challenges the district court's denial of his motion to dismiss for insufficient evidence, claiming that the eyewitness testimony was inconclusive as to his identity. We will not disturb a guilty verdict based on insufficient evidence if " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). Two bank employees positively identified Garrett as the perpetrator. Forrest positively identified Garrett as the man she had driven to and from the bank at the time of the robbery. Forrest testified that upon returning to her car from the bank Garrett asked her not to stop before arriving at his home, and that when she dropped him off he entered the apartment where he was arrested four days later.
 
 
 3
 Although there was contradictory testimony presented by the defense, the jury was entitled to believe those witnesses who identified Garrett as the bank robber. We hold that "viewing the evidence in the light most favorable to the government and respecting the jury's ability to judge the credibility of the witnesses, resolve factual conflicts, and draw inferences, a rational jury could have found the elements of the crime beyond a reasonable doubt." United States v. Feldman, 853 F.2d 648, 654 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989).
 
 
 4
 Garrett argues that the district court erred in failing to give his proposed eyewitness identification jury instruction, thereby failing to instruct the jury adequately on the defense theory of the case. Whether a district court's jury instructions adequately cover the defense theory of the case is a question of law reviewed de novo. United States v. Gomez-Osorio, 957 F.2d 636 (9th Cir.1992). Where a defendant's challenge relates merely to the district court's choice of language or formulation, however, we review for an abuse of discretion. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). "Our inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberation." United States v. Joetzki, 952 F.2d 1090, 1094 (9th Cir.1991).
 
 
 5
 The district court instructed the jury regarding Garrett's alibi theory, emphasized that the government had the "burden of proving beyond a reasonable doubt, the identity of the Defendant as the perpetrator," and gave 9th Cir.Crim. Jury Instr. 3.07, concerning credibility. These instructions fairly and adequately covered Garrett's theory of the case. There was no abuse of discretion in failing to give Garrett's forms of instruction. See United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985).
 
 
 6
 Lastly, Garrett contends that the district court abused its discretion in allowing Byers to testify despite the government's failure to disclose that it intended to call her. Garrett apparently alleges a violation of Federal Rule of Criminal Procedure 12.1(b). Even if the government should have disclosed its intention to call Byers, "[t]he exclusion of testimony of an undisclosed government witness is within the discretion of the trial court." United States v. Portillo, 633 F.2d 1313, 1324 (1980), cert. denied, 450 U.S. 1043 (1981). Because any error here was not of constitutional magnitude, we will not reverse the district court if the prejudice resulting from allowing Byers testify was more probably than not harmless. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). In this case, Byers's testimony was entirely duplicative of Forrest's, and as the district court concluded, "added nothing to [the government's] case." Therefore, even if the court abused its discretion (a question we need not reach), it is more likely than not that Byers's testimony did not affect the verdict.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4