9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
J.R. HILDEBRAND, Defendant-Appellant.
 No. 92-30306.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Nov. 5, 1993.
 
 Before: WRIGHT, GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 J.R. Hildebrand appeals his conviction of one count of violating 18 U.S.C. § 287 by knowingly making and presenting to the United States Forest Service a false and fraudulent claim for damaged property. He argues that the jury was not instructed on his theory of the case, and that the Government failed to prove an essential element of the case. We affirm.
 
 I.
 
 3
 Under a contract with the Forest Service Hildebrand provided an all terrain carrier and operators to assist in fighting forest fires. His vehicle was used to carry firefighters and equipment to and from the fire line. The contract provided that the Government would assume risk for loss, damage, or destruction of equipment that was not due to ordinary wear and tear or the contractor's negligence.
 
 
 4
 After working in the Poison Creek fire in the Sawtooth National Forest in Idaho, Hildebrand submitted a claim for damage to a track on the vehicle. On the claim, he stated that the track was "new" and that the damage reduced the life of the track by 50-60%. He requested payment of $2,225.00 on the track valued at $4,450. However, the track was not new when Hildebrand had purchased it for $250.00. Hildebrand testified at trial that he "couldn't tell" whether the track was brand-new and whether it had ever been in the snow. He stated that the track was like new. Other witnesses testified that the tracks were in "very good," "great," and "like new" condition. A representative of the company that sold the track to Hildebrand testified that the track probably had about 30,000 kilometers of use when Hildebrand bought it.
 
 II.
 
 5
 The Government's case was based on the fact that on his claim, Hildebrand described the track as "new," but the track was not new. Hildebrand argues that the Government failed to prove that the track was not new and that Hildebrand was aware of that fact. The district court denied Hildebrand's Rule 29 motion for judgment of acquittal.
 
 
 6
 There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992). For a claim to be false it must be shown not to be in accord with the facts; the Government must prove that the claim is inaccurate beyond a reasonable doubt. United States v. Barker, 967 F.2d 1275, 1276 (9th Cir.1991) (reversing conviction of 18 U.S.C. § 287). The Government must prove that the defendant knew the statements were false at the time that he made them. Id. at 1279.
 
 
 7
 Hildebrand contends that the evidence that the track appeared to be new when Hildebrand purchased it means that the evidence was insufficient to support the conclusions (1) that his claim for 50-60% damage to a new track was false or fraudulent, and (2) that Hildebrand knowingly presented the false claim.
 
 
 8
 The Government, however, quotes from Hildebrand's claim form, which stated that the "new" track had been cut and its life had been reduced "by app. 50-60%." The Forest Service contracting officer testified that Hildebrand had told him that the track was new and that "it had cost him, I think, $4,450 for the track." Witnesses testified that Hildebrand had not purchased any new tracks prior to the date of damage. Other evidence established that Hildebrand was aware that the tracks he did purchase had been used by the seller.
 
 
 9
 Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found beyond a reasonable doubt that Hildebrand knowingly submitted a false claim for a new track.
 
 III.
 
 10
 Hildebrand argues that the jury should have been instructed that he was entitled to claim a percentage of the replacement value or actual cash value of the damaged track in his claim for damages. He proposed instructions that would have required the jury to find that he submitted a claim for an amount greater than his actual costs, and that defined "actual costs" as "the actual cash value of the property at the time of loss, or its replacement value or cost. " (Emphasis added.)
 
 
 11
 A defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence. United States v. Echeverry, 759 F.2d 1451, 1455 (9th Cir.1985). Whether we review the district court's denial of Hildebrand's proposed instructions de novo or for an abuse of discretion, the result in this case is the same. See United States v. Sotelo-Murillo, 887 F.2d 176, 179-80 (9th Cir.1989).
 
 
 12
 At trial, the district court rejected Hildebrand's proposed instructions and stated that they did not add anything to the other instructions. The jury was instructed that it must find that the defendant "knowingly made and presented to the United States Forest Service a false and fraudulent claim against the United States" and that he "knew that the claim was false and fraudulent." The court later stated that Hildebrand's theory that he was entitled to be paid a percentage of the replacement value for the track destroyed was not supported by law. The court stated that the Government was only obligated to make the defendant whole, which would be accomplished by paying him 50 percent of what he paid for the track.
 
 
 13
 Hildebrand's contract with the Forest Service was clearly silent on the measure of damages. Whether Hildebrand was entitled to claim only the amount that he had paid for the track or the amount that it would cost him to replace the track is not clear from the contract.
 
 
 14
 The problem in this case, however, is not confusion over the appropriate measure of damages. Hildebrand submitted a claim for 50-60% damage to a new track. The track was not new, and, in fact, the record indicates that the incident completely ruined the track, rather than shortening its life by 50-60%.
 
 
 15
 An instruction that would have required the jury to find that Hildebrand submitted a claim for an amount greater than the replacement cost of the track would not have been appropriate. Hildebrand argues that the appropriate measure of damages issue was relevant to the issues of intent and good faith. However, the instructions that were given on good faith and intent were adequate.
 
 
 16
 The judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3