51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don ALLISON, Jr., Defendant-Appellant.
 No. 94-30242.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Allison, Jr. appeals his jury conviction for manufacturing 204 marijuana plants. Allison claims the district court abused its discretion by denying his motion for a new trial after assessing the impact of a juror's reading a news article and the government's failure to redact prejudicial information from a fingerprint card that was admitted into evidence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion for a new trial. United States v. Young, 17 F.3d 1201, 1203 (9th Cir.1994). We give "substantial weight" to a district court's conclusion as to the effect of alleged juror misconduct especially if the court has held an evidentiary hearing. United States v. Armstrong, 909 F.2d 1238, 1244 (9th Cir.), cert. denied, 498 U.S. 870 (1990). The erroneous admission of evidence will not compel reversal if the error was harmless beyond a reasonable doubt. United States v. Payne, 944 F.2d 1458, 1472 (9th Cir.1991) (citing United States v. Echeverry, 759 F.2d 1451, 1457 (9th Cir.1985)).
 
 
 4
 A jury convicted Allison of conspiracy and of manufacturing 204 marijuana plants in the basement of a house he rented. The evidence showed that when police seached the house, they found him living there with his young daughter. The door to the basement was open, the grow lights were shining on the plants, and fans were running. Allison's fingerprints were found on some of the halide bulbs lighting the basement.
 
 
 5
 After the jury returned its verdict, a juror disclosed to the court that: 1) a fingerprint card the jury considered contained information about Allison's alias and prior drug conviction, and 2) before voting to convict Allison of both conspiracy and manufacturing, another juror had told the rest of the jurors that she had read a newspaper article about the case.
 
 
 6
 On the basis of this information, the district court declared a mistrial on the conspiracy count, but refused to disturb the jury's verdict on the manufacturing count. In light of the evidence supporting the substantive conviction, see Payne, 944 F.2d at 1472, we discern no abuse of discretion, see Young, 17 F.3d at 1203.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Allison's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3