**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Faye MCGREW, Defendant—Appellant.**

No. 00–50545.

D.C. No. CR–99–01168–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Aug. 17, 2001.

Before HALL and MICHEL * and TROTT, Circuit Judges.

### MEMORANDUM **

On April 6, 2000, a six-count First Superseding Indictment was filed naming seven defendants. Faye McGrew was charged in counts One and Three with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). McGrew was tried separately commencing on May 2, 2000. The jury returned its verdict on May 3, 2000, finding McGrew guilty on both counts. The district court sentenced McGrew to a prison term of 120 months on each count to run concurrently, followed by five years of supervised release, under 21 U.S.C. § 841(b). McGrew appeals her conviction.

■ The district court granted the government's motion in limine to allow introduction of evidence of McGrew's prior conviction for possession of cocaine base. We hold that the district court did not abuse its discretion. Evidence of prior convictions may be admissible to show knowledge of the charged offense. Fed. R.Evid. 404(b). A reasonable jury might infer, based on her prior conviction for possession of cocaine base, that McGrew knew the feel of "rocks" of cocaine base, and therefore that she had knowledge that the package she delivered to Agent Michael Robinson on March 10, 1999 contained cocaine base. Although the rocks of cocaine base were wrapped in paper towels and plastic, a reasonable jury might have inferred that McGrew could nonetheless feel the rocks under the wrapping and recognize the identity of the substance, based on her prior familiarity with cocaine base. In any event, McGrew took the stand and admitted on direct examination that she had used crack cocaine almost daily for approximately eight years. Any possible prejudice associated with admitting evidence of her prior conviction for possession of cocaine rocks would have been overwhelmed by her own admission that she was a habitual user of crack cocaine. Thus, any possible error arising from the admission of the evidence of McGrew's prior conviction would have been harmless.

■ The district court sustained the government's objection to defendant's efforts to introduce evidence of non-involve-

---

\* The Honorable Paul R. Michel, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ment by McGrew in the broader, longer conspiracy charged against the other defendants. This evidence included wiretapping evidence obtained by monitoring McGrew's co-conspirators' telephones from August 10, 1999 through October 24, 1999, as well as other earlier evidence arising from the investigation and surveillance of her co-conspirators. However, McGrew was charged only with conspiring with Devron Townsend on March 10, 1999 to distribute cocaine base, and actually distributing cocaine base on that date. These allegations were the only counts of the indictment read to the jury. The government's wiretapping operations did not occur until five months thereafter. Although evidence of McGrew's alleged non-involvement in the broader conspiracy might have been marginally relevant, we hold that the district court did not abuse its discretion in ruling that this evidence was not relevant to whether McGrew conspired to distribute, and distributed, cocaine base on March 10, 1999.

 McGrew contends that the government violated her rights to due process by pulverizing without notice the rocks of cocaine base that she delivered to Agent Robinson. She contends that preserving the rocks in their original condition was necessary to her defense that she did not feel the rocks through the paper towels and plastic wrap of the package. However, McGrew alleges no bad faith on the part of the government in pulverizing the rocks. The pulverization occurred as a routine part of the laboratory analysis. Absent a showing of bad faith, an assertion that the government's failure to preserve potentially exculpatory evidence violated the defendant's due process rights cannot prevail. *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir.1993).

 The trial court permitted the recollection testimony of FBI agents concerning McGrew's interrogation, notwithstand-

ing that one of them had lost the brief contemporaneous notes from the interrogation. We hold that the trial court did not abuse its discretion. There was no showing of intentional destruction of the notes, as in *United States v. Riley*, 189 F.3d 802, 806 (9th Cir.1999). Moreover, McGrew did not demonstrate that the notes were crucial to her defense, as in *Riley*. *Id.* at 807. Where the government's misplacing or destroying relevant evidence is inadvertent, this court has found no violation of the Jencks Act, 18 U.S.C. § 3500. *United States v. Echeverry*, 759 F.2d 1451, 1456 (9th Cir.1985). Accordingly, the trial court acted within its discretion in admitting the agents' testimony.

AFFIRMED.