**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jaime Moreno GARCIA, Defendant—
Appellant.**

**No. 05–30119.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2006.*

Filed March 9, 2006.

Earl Allan Hicks, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Dawn Marie Reynolds, Dallas, OR, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Defendant Jaime Moreno Garcia appeals his jury conviction of possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1). He raises four claims on appeal. Because none of the four claims presents reversible error, we affirm the conviction.

Garcia first argues that there was insufficient evidence presented by the gov-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ernment that Garcia had knowledge of the contents of the bag that he delivered to Mendoza and that the bag actually contained 500 grams or more of a substance or mixture containing a detectable amount of methamphetamine.[1] Because Garcia did not preserve this claim below by moving for a judgment of acquittal, our review requires reversal only upon plain error or "to prevent a manifest injustice." *United States v. Delgado,* 357 F.3d 1061, 1068 (9th Cir.2004). "When reviewing convictions for sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sanders,* 421 F.3d 1044, 1049 (9th Cir.2005) (internal quotation marks omitted).

The admissions by Garcia that he suspected that drugs were in the bag but deliberately avoided confirming or denying those suspicions was sufficient to allow a rational jury to find that Garcia acted with deliberate ignorance, which satisfies the knowledge requirement of § 841(a). *See United States v. Heredia,* 429 F.3d 820, 824 (9th Cir.2005); *United States v. Jewell,* 532 F.2d 697, 700 (9th Cir.1976) (en banc). Also, the testimony by the DEA agents that Mendoza was expecting a delivery of drugs to arrive at the hotel, the testimony from appellant Garcia that Mendoza was anxiously awaiting Garcia's arrival, and the evidence connecting the seized drugs to Mendoza's drug supply was sufficient to allow a rational jury to find that the bag delivered by Garcia contained the requisite amount of drugs.

■ Second, Garcia challenges the admission of testimony by DEA agents about the underlying conspiracy as hearsay, prejudicial and not relevant. Although Garcia did not object to this testimony at trial, his co-defendant objected to this testimony. The district court had stated that objections by either defendant would suffice to preserve objections for both defendants. Accordingly, we review the district court's decision to admit this evidence for abuse of discretion and its underlying factual determinations for clear error. *See United States v. Shryock,* 342 F.3d 948, 981 (9th Cir.2003).

The district court did not abuse its discretion in admitting the out-of-court statements as non-hearsay to show background or development of the investigation, *see United States v. Echeverry,* 759 F.2d 1451, 1456–57 (9th Cir.1985), or under the co-conspirator exception in Federal Rule of Evidence 802(d)(2)(E). The district court's finding that the government satisfied the factual predicates for admission under Rule 802(d)(2)(E) was also not clearly erroneous. *See Shryock,* 342 F.3d at 981. Once the government established the existence of the conspiracy, it only needed to present slight evidence connecting the defendant to the conspiracy for admission of statements under this exception. *See United States v. Crespo de Llano,* 838 F.2d 1006, 1017 (9th Cir.1988).

The testimony about the underlying conspiracy was also relevant to material issues in the trial and not unduly prejudicial. *See* Fed. R. of Evid. 403. Unlike *United States v. Vallejo,* 237 F.3d 1008, 1017 (9th Cir.2001), the government in this case connected Garcia to the larger drug conspiracy, and the testimony about the underlying conspiracy was relevant and probative on issues other than Garcia's knowledge. In particular, the testimony about the undercover agent's attempted purchase of drugs

---

1. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.

from Mendoza was probative to show that the drugs later found by the DEA agents were delivered by Garcia and were not previously in the room or delivered by the other suspects.

Third, the district court did not err in sentencing Garcia to the mandatory minimum. A "district court does not have the discretion to consider mitigating factors and cannot apply the downward departures of the Sentencing Guidelines to reduce a sentence below the minimum mandated by Congress." *United States v. VanDoren*, 182 F.3d 1077, 1083 (9th Cir. 1999); *see also United States v. Dare*, 425 F.3d 634, 643 (9th Cir.2005) ("We decline to vacate the [statutory mandatory minimum] sentence and remand for resentencing pursuant to *Booker* because the outcome of Dare's resentencing could not possibly be different."); *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (holding that *"Booker* does not bear on mandatory minimums").

Finally, Garcia's claim of ineffective assistance of counsel is dismissed because such a claim is discouraged on direct appeal, which generally will not include a sufficient record to assess counsel. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000). The current record is not sufficiently developed to resolve this claim and the legal representation did not obviously deny Garcia's Sixth Amendment rights. *See id.* Garcia may pursue this claim through a § 2255 motion, which can be evaluated with a more complete and pertinent record.

**AFFIRMED.**