

# FILED

**NOT FOR PUBLICATION**

OCT 23 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30112 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-05159-BHS-5 |
| v. | |
| ISIDRO BENITEZ-CASTILLO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 3, 2017[**]
Seattle, Washington

Before: LIPEZ,[***] WARDLAW, and OWENS, Circuit Judges.

Isidro Benitez-Castillo appeals his conviction for conspiracy to distribute a

controlled substance in violation of 21 U.S.C. § 841(a)(1). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

1.      The district court did not abuse its discretion in overruling Benitez-Castillo's hearsay objection to Officer Jensen's statement that he received information from Daniel Reyes about a meeting with Benitez-Castillo.  Officer Jensen's fleeting statement was not hearsay because it provided necessary background and context for the initiation of his investigation, and therefore its probative value was independent of its veracity.  *United States v. Echeverry*, 759 F.2d 1451, 1457 (9th Cir. 1985).

2.      The district court properly denied Benitez-Castillo's motion for acquittal under Federal Rule of Criminal Procedure 29 because sufficient evidence supported Benitez-Castillo's conviction.  The jury found Reyes' testimony credible, and we must "respect the exclusive province of the fact finder to determine the credibility of witnesses." *United States v. Archdale*, 229 F.3d 861, 867 (9th Cir. 2000) (citation omitted).  Reyes' testimony about Benitez-Castillo orchestrating a methamphetamine transaction was concrete, internally consistent, and uncontradicted.  Along with the hundreds of contacts and attempted contacts between Benitez-Castillo and co-conspirators, the evidence, viewed in the light most favorable to the government, was sufficient for any rational trier of fact to find the essential elements of a conspiracy to distribute controlled substances.  *See United States v. Mincoff*, 574 F.3d 1186, 1192 (9th Cir. 2009) ("Express agreement

2

is not required; rather, agreement may be inferred from conduct.") (citation omitted); *United States v. Lennick*, 18 F.3d 814, 818–19 (9th Cir. 1994) (describing elements of conspiracy to distribute controlled substances). Benitez-Castillo's conviction is neither plainly erroneous nor a manifest miscarriage of justice.

**AFFIRMED.**