

**FILED**

MAR 01 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10500 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00401-KJM-1 |
| v. | |
| ALBERT LEE MITCHELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted February 15, 2018[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and NYE,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

Albert Mitchell appeals his conviction for knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The Adam Walsh Child Protection and Safety Act, codified at 18 U.S.C. § 3509(m), governs the discovery of child pornography in criminal cases. *United States v. Wright*, 625 F.3d 583, 614 (9th Cir. 2010), *superseded by statute on other grounds as stated in United States v. Brown*, 785 F.3d 1337, 1351 (9th Cir. 2015). "[U]nder the Adam Walsh Act, 'a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . , *so long as the Government makes the property or material reasonably available to the defendant.*'" *Id.* (emphasis and ellipsis in original) (quoting 18 U.S.C. § 3509(m)(2)(A)). The evidence is "reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B). Here, despite having practically unrestricted access to the computer hard drives at a government facility in Sacramento for nearly 20 months, Mitchell's defense expert claimed that it was

impractical for her to conduct a forensic examination at the government facility given her other professional responsibilities, because it would be too time consuming and too expensive. As the court in *Wright* held, these types of "budget, timing, and staffing problems" are insufficient to show that the evidence was not reasonably available. *Wright*, 625 F.3d at 614–17.

2. The *Wright* court also rejected the argument that "budget, timing, and staffing problems" made the application of the Adam Walsh Act unconstitutional as applied to the defendant in that case. *Id.* at 614–15, 617. Consequently, we reject Mitchell's argument that he was not given meaningful access to the evidence because of budget and timing issues.

3. It was not plain error for the district court to fail to give a special instruction regarding third-party culpability. The district court instructed the jury that "[t]he burden on the government is to prove every element of the charges beyond a reasonable doubt" and that one of those elements was that Mitchell "knowingly received a visual depiction" of child pornography. Based on these instructions, the jury could not find Mitchell guilty if it believed a third-party downloaded the child pornography without Mitchell's knowledge. Thus, there was no need for a special instruction because "the instructions fairly and adequately cover[ed] the issues presented." *United States v. Del Toro-Barboza*, 673 F.3d

3

1136, 1147 (9th Cir. 2012) (quoting *United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir. 1985)).

4. Because the district court did not err, Mitchell's claim of cumulative error necessarily fails. *See United States v. Jeremiah*, 493 F.3d 1042, 1047 (9th Cir. 2007).

**AFFIRMED.**