21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert T. REYNOLDS, Defendant-Appellant.
 No. 93-30194.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1994.*
Decided April 19, 1994.
 
 Before: HUG, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an action by Robert Reynolds challenging his conviction for conspiracy to commit mail fraud in violation of 18 U.S.C. Secs. 371 and 1341. Reynolds asserts that he was denied a fair trial because of various errors at trial, including the district court's improper admission of incriminating evidence. Reynolds also asserts that the Government failed to produce sufficient evidence of his involvement in the conspiracy to sustain the conviction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 DISCUSSION
 I. The Jencks Act
 
 3
 Reynolds contends that the district court erred in admitting the testimony of FBI Special Agent Carl Zarndt because the Government failed to comply with the requirements of the Jencks Act, 18 U.S.C. Sec. 3500. We review a district court's denial of a motion to produce a witness's statement pursuant to the Jencks Act for abuse of discretion. United States v. Boshell, 952 F.2d 1101, 1104 (9th Cir.1991). A conviction will be affirmed if the "Jencks Act error is more likely than not harmless." United States v. Span, 970 F.2d 573, 582 (9th Cir.1992), cert. denied, 113 S.Ct. 1283 (1993); United States v. Wallace, 848 F.2d 1464, 1471 (9th Cir.1988).
 
 
 4
 A district court's decision to strike a witness's testimony due to noncompliance with the Jencks Act will generally depend on (1) the culpability of the Government, and (2) the injury to the defendant. United States v. Echeverry, 759 F.2d 1451, 1456 (9th Cir.1985); United States v. Sterling, 742 F.2d 521, 524 (9th Cir.1984), cert. denied, 471 U.S. 1099 (1985). A district court has discretion to refuse to impose sanctions under the Jencks Act. Echeverry, 759 F.2d at 1456.
 
 
 5
 A review of the record demonstrates that the Government's failure to produce Agent Zarndt's rough notes from the interview at trial was inadvertent and not in bad faith, and it was doubtful that any prejudice to the defendant resulted. We conclude that the district court's decision was not an abuse of discretion.
 
 II. Admission of Coconspirator Statements
 
 6
 Reynolds asserts that the district court erred in admitting statements of coconspirators without first establishing that he knew of and participated in the conspiracy. Although we review a district court's decision to admit evidence of a coconspirator's statement for abuse of discretion, we review the underlying factual determination that a conspiracy existed for clear error. United States v. Arambula-Ruiz, 987 F.2d 599, 607 (9th Cir.1993). Thus, because Reynolds challenges the district court's threshold determinations as to the existence of a conspiracy and Reynolds' knowledge and participation in it, we review those findings for clear error.
 
 
 7
 The proponent of coconspirator hearsay statements sought to be admitted pursuant to Rule 801(d)(2)(E) must satisfy certain foundational requirements prior to the statements' admission. Fed.R.Evid. 801(d)(2)(E). In particular, the proponent of the coconspirator's statement must establish by a preponderance of the evidence the existence of a conspiracy. Although we may consider the substance of the hearsay statements sought to be admitted in determining the existence of a conspiracy, Bourjaily v. United States, 483 U.S. 171, 181 (1987), the proponent of the evidence must also provide independent evidence establishing the existence of the conspiracy prior to the admission of hearsay statements of coconspirators. United States v. Silverman, 861 F.2d 571, 577-78 (9th Cir.1988).
 
 
 8
 Reynolds' argument that the Government failed to satisfy this latter requirement is unpersuasive. In this case, the Government produced independent evidence as to the existence of the conspiracy in the form of the testimony of Leona Schraner. Therefore, the district court's preliminary determination as to the existence of the conspiracy, and its evidentiary rulings pertaining to the coconspirators' hearsay statements, were proper.
 
 
 9
 Reynolds' challenge to the district court's evidentiary ruling permitting the admission of the business records of Interstate Specialties, Inc. ("ISI") is similarly unavailing. The business records, of which Reynolds complains, were not admitted pursuant to the coconspirator hearsay exception provided by Rule 801(d)(2)(E), but rather were admitted pursuant to the business records exception provided by Rule 803(6). Fed.R.Evid. 801(d)(2)(E), 803(6). The Government was therefore not required to satisfy the foundational requirements necessary for admission under Rule 801(d)(2)(E). The district court's decision to admit ISI's business records was proper.
 
 III. Sufficiency of the Evidence
 
 10
 Reynolds contends that there was insufficient evidence presented at trial to establish that he was a participant in the mail fraud conspiracy. There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Moreover, " 'we must respect the exclusive province of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict.' " United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (quoting United States v. Ramos, 558 F.2d 545, 546 (9th Cir.1977)).
 
 
 11
 We reject Reynolds' assertion that he was convicted of the conspiracy based on his status as a long-time employee of Lewis Construction and his familial relationship with the Lewises. While it is true that mere association with members of a conspiracy, the existence of an opportunity to join a conspiracy, or knowledge, approval, or acquiescence in the object of the conspiracy alone is insufficient to sustain a conviction, these factors are relevant in determining the existence of a conspiracy. United States v. Melchor-Lopez, 627 F.2d 886, 891 (9th Cir.1980). Other evidence also supported his involvement in the conspiracy. The evidence demonstrated Reynolds' role in supervising the fraudulent billing, maintaining records, and preparing job progress reports. Leona Schraner's testimony was further evidence of Reynolds' involvement in the conspiracy. We conclude that the evidence presented at trial was sufficient to sustain the conviction.
 
 IV. Motion to Sever
 
 12
 Rulings on a motion for a separate trial are within the discretion of the district court, and we review for abuse of discretion. United States v. Cuozzo, 962 F.2d 945, 949-50 (9th Cir.), cert. denied, 113 S.Ct. 475 (1992). The party seeking reversal of the denial of the severance has the burden of "proving that the joint trial causes such 'clear,' 'manifest,' or 'undue' prejudice that the accused is denied a fair trial." Id. at 950. This court reviews to "determine whether 'joinder was so prejudicial that the trial judge was compelled to exercise his discretion to sever.' " United States v. Restrepo, 930 F.2d 705, 711 (9th Cir.1991) (citations omitted).
 
 
 13
 Reynolds' argument that he was prejudiced by the joint trial with co-defendant Robert Duty because of the court's admission of statements implicating both Duty and Reynolds in the conspiracy is unpersuasive. Other than a generalized objection to the admissability of the coconspirator hearsay statements, Reynolds fails to demonstrate why he was prejudiced by a joint trial with defendant Duty. Thus, the district court's denial of the motion to sever was not an abuse of discretion.
 
 
 14
 The conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3